IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN C. DELLINGER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:21-cv-00209 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| C/O ANTHONY DOWNS, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff John C. Dellinger, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that Correctional Officer Anthony Downs violated his constitutional rights by failing to accommodate his medical need for assignment to a bottom bunk. In addition to Downs, Dellinger's amended complaint names as defendants the Middle River Regional Jail (the "Jail"), Eric Young, and Jeff Newton. By separate order, the court will serve the amended complaint on Downs. The court concludes, however, that Dellinger has failed to state a claim against the other named defendants. Therefore, the court will partially dismiss the amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

I.

According to the amended complaint, the Jail's medical department "classified [Dellinger] for bottom bunk[-]bed status due to seizures and sleepwalking." (Compl. ¶ E [ECF No. 8].) Despite this classification, Dellinger was assigned to a top bunk at the Jail. (*Id.*) Before he received the assignment, Dellinger explained his medical conditions to Downs and advised Downs to check with the medical department regarding his bunk classification. (*Id.*) Even

though the medical department confirmed that a bottom bunk was medically necessary, Downs did not change Dellinger's bunk assignment. (*Id.*) Instead, Dellinger "was told [he] would later be moved to a bottom bed." (*Id.*) Before being moved, Dellinger fell from a top bunk while he was sleeping. (*Id.*) Dellinger alleges that he needs surgery as a result of the fall. (*Id.*)

In the case caption of the amended complaint, Dellinger states that he is suing Downs, Eric Young, Jeff Newton, and the Jail. (*Id.* at 1.) Downs, however, is the only individual defendant mentioned in the body of the amended complaint; there are no specific allegations against Young or Newton. (*See id.* at 1–2.)

## II.

Under § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). Dellinger's amended complaint fails to satisfy these requirements with respect to the Jail, Young, and Newton.

It is well settled that a state or local correctional facility is not a "person" within the meaning of § 1983. *See Will v. Mich. Dept' of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893 (E.D. Va. 1992) (concluding that local jails in Virginia are properly considered "arms of the state" and "therefore not persons under § 1983"). Accordingly, the Jail is not subject to suit under the statute.

Although state or local officials sued in their individual capacities are "persons" subject to suit under § 1983, *Hafer v. Melo*, 502 U.S. 21, 23 (1991), Dellinger fails to state a plausible claim against Young or Newton. Aside from the case caption, the amended complaint does not mention Young or Newton and therefore does not provide any indication as to what either defendant did (or failed to do) to violate Dellinger's constitutional rights. In a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because the amended

complaint does not satisfy this requirement with respect to Young or Newton, Dellinger fails to state a claim against either of these defendants.

## IV.

For the reasons stated, the court concludes that Dellinger's amended complaint fails to state a claim against the Jail, Young, and Newton. Therefore, the court will partially dismiss Dellinger's amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1). By separate order, the court will serve the amended complaint on Downs.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTERED** this 2nd day of September, 2021.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE